IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUALITY CARE
DAYCARE BUP, LLP, *et al.*,

    Plaintiffs,

v.      Civil Action No.: RDB-18-1086

MEL JONES,

    Defendant.

## MEMORANDUM OPINION

Plaintiffs Quality Care Daycare BUP, LLP and Natalie Morgan Tao (collectively, "Plaintiffs") have brought a three-count Complaint against Defendant Mel Jones ("Defendant" or "Jones") individually and in his official capacity as a Baltimore City police officer in connection with his execution of an arrest warrant for another individual on their property. (Compl. 1, ECF No. 2.) Plaintiffs allege Excessive Force in violation of state and federal constitutions (Count I); Negligence (Count II); and Trespass (Count III). Currently pending before this Court is Defendant Jones' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 12.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Defendant Jones' Motion to Dismiss (ECF No. 12) is GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the

1

plaintiff. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Harris v. Publish Am., LLLP*, No. RDB-14-3685, 2015 WL 4429510, at *1 (D. Md. July 17, 2015). On October 21, 2014 Melvin Jones executed an arrest warrant for William G. Smith at 873 and 875 North Howard Street, Baltimore, Maryland 21202, property owned by the Plaintiffs. (Compl. ¶ 1.) Attempting to gain entry to the building, Jones banged on a glass window and fractured it. (Compl. ¶ 2.) Jones also damaged the front door, door frame and electronic security entrance system. (Compl. ¶ 3.) The Defendant has not compensated Plaintiffs for the property damages stemming from his execution of the arrest warrant. (Compl. ¶ 8.) On September 29, 2017, Plaintiffs filed a three-count complaint in the Circuit Court for Baltimore City. On March 15, 2018, Defendant was served with the original summons and complaint. (Def.'s Statement of Removal 1, ECF No. 7.) On April 16, 2018 Defendant Mel Jones removed the case to this Court, based upon the federal constitutional claim asserted in Plaintiffs' complaint. (Def.'s Mot. 1, ECF 12-1.) On May 1, 2018, Defendant moved to dismiss all of Plaintiffs' claims.

STANDARD OF REVIEW

Defendant has styled its Motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Def.'s Mot. 1, ECF No. 12-1.) Defendant has asked the Court to consider matters outside of the pleadings—specifically, an affidavit of Special Investigation Supervisor Aaron Whitcomb—thereby converting the instant Motion for Judgment on the Pleadings into a Motion for Summary Judgment. (Def.'s Mot. to Dismiss 4, ECF No. 12-1.) Rule 12(d) of the Federal Rules of Civil Procedure provides that: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

2

excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Rule 12(d) further provides that "the parties must be given a reasonable opportunity to present all the material" pertinent to the motion. *Id.* A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.).

Conversion to Summary Judgment is inappropriate in this case. The parties have exchanged only a handful of documents, most of which concern the threshold issue of whether Plaintiffs have met the notice requirements of the Local Government Tort Claims Act, Md. Code, Courts & Jud. Proc. Article, § 5-301 *et seq.* ("LGTCA"). Plaintiffs have produced a Statement of Claim addressed to the Baltimore City Department of Law, Central Bureau of Investigations, signed and dated February 27, 2015 complaining of the October 21, 2014 incident. (Pl.'s Resp. 4, ECF No. 15.) Defendant contests the authenticity of this document. He has furnished an Affidavit of Special Investigation Supervisor Aaron Whitcomb for the Baltimore City Department of Law, Central Bureau of Investigations, which concludes that there is no record of this claim being received by the Central Bureau of Investigations and that the United States Postal Service tracking service does not yield information concerning the tracking number affixed to the notice of claim. (Aff. of Aaron Whitcomb ¶¶ 4-5, ECF No. 19-1.) As only a very limited form of discovery has taken place and the few documents that have been submitted are in tension, Summary Judgment is not

appropriate here. Accordingly, the Court will construe Defendant's Motion as a Motion to Dismiss and analyze Plaintiffs' claims seriatim.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or

arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

ANALYSIS

I. <u>Plaintiffs have failed to adequately plead trespass</u>.

Plaintiffs' complaint alleges that Defendant committed trespass by executing the arrest warrant and damaging his property. (Compl. ¶ 15.) A police officer ordinarily does not commit trespass by entering the property of another to carry out an arrest warrant. *See Gardner v. State*, 251 A.2d 901, 907 n.8 (Md. Ct. Spec. App. 1969) (finding that officers did not trespass when they entered a home with probable cause to make an arrest); *Ford v. Baltimore City Sheriff's Office*, 149 Md. App. 107, 814 A.2d 127, 144 (Md. Ct. of Spec. App. 2002) (finding that police did not commit trespass by relying on facially valid warrant to enter appellant's home, even though warrant had previously been dismissed). An officer's subsequent conduct, however, may convert a formerly lawful entry into a trespass. *Heinze v. Murphy*, 180 Md. 423, 24 A.2d 917, 922 (Md. 1942). In this case, Plaintiffs have not alleged, for example, that Defendant attempted to execute the warrant at the wrong address, or made any other factual allegations raising a plausible inference of trespass. Instead, the Complaint only recounts that Detective Jones damaged property when executing an arrest warrant. (Compl. ¶ 1-6.) With such inadequate factual allegations, Plaintiffs' trespass claim (Count III) must be dismissed.

II. <u>Plaintiffs have failed to adequately plead negligence</u>.

Plaintiffs allege that Defendant performed his police duties negligently when he executed the search warrant. (Compl ¶ 12.) Defendant replies that common law public official

5

immunity protects him from claims of negligence. (Def.'s Mot. 8, ECF 12-1.) This form of immunity shields public officials who perform negligent acts while performing discretionary duties. *Houghton v. Forrest*, 989 A.2d 223, 228 (Md. 2010). The doctrine of public official immunity applies "when the actor is (1) a public official, (2) the tortious conduct occurred in the course of the actor's performance of discretionary, rather than ministerial acts, and (3) those acts were within the scope of the actor's official duties." *Id.* Common law public official immunity does not shield the public official who has acted with malice. *Gray-Hopkins v. Prince George's County, Maryland*, 309 F.3d 224, 233 (4th Cir. 2002) *citing DiPino v. Davis*, 354 Md. 18, 729 A.2d 354, 370 (1999). Maryland courts define malice as "conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud. . . ." *Barbre v. Pope*, 402 Md. 157, 935 A.2d 699, 714 (Md. 2007) (citations omitted).

Common law public official immunity guards Defendant from the negligence claim. As a police officer executing an arrest warrant, Jones was a public official conducting a discretionary act within the scope of his employment. *See Houghton v. Forrest*, 412 Md. 578, 989 A.2d 223, 227-228 (Md. 2010) (holding that police officers are public officials and that making an arrest constitutes a discretionary act); *Bord v. Baltimore County*, 220 Md. App. 529, 104 A.3d 948, 964 (Md. Ct. Spec. App. 2014) (finding that carrying out a search warrant is a discretionary duty for purposes of common law public official immunity). Moreover, the Complaint does not allege that Defendant acted with malice, and there is nothing in the Complaint which would give rise to an inference of malice. The only facts alleged are that in the process of executing a search warrant, Jones fractured glass and damaged a front door, door frame, and electronic security entrance system. These threadbare allegations do not

give rise to a plausible claim that Defendant acted with any ill-will, wrongful motive, or the like. Accordingly, Plaintiffs' negligence claim (Count II) must be dismissed.

   III.   Plaintiffs have not adequately plead a Fourth Amendment violation.

Finally, Plaintiffs allege that Defendant "used excessive force, both in violation of the federal and state constitutions" when Defendant damaged the property in question to carry out an arrest warrant for Mr. Smith. (Compl. ¶ 10.) Although Plaintiffs' Complaint does not specify which provisions of the Constitution they intend to invoke, the Fourth Amendment's prohibition against unreasonable seizures govern claims alleging excessive force during an arrest. *Tolan v. Cotton*, 572 U.S. 650, 650 (2014). The same standards apply when analyzing claims of excessive force under Articles 24 and 26 of the Maryland Constitution as when analyzing claims under the Fourth Amendment of United States Constitution. *J.W. v. Corporal Carrier*, MJG-13-2386, 2015 WL 2085438, at *4 (D. Md. May 4, 2015) (*quoting Hines v. French*, 157 Md. App. 536, 852 A.2d 1047, 1055 (Md. 2004). The Court must consider whether "the totality of the circumstances justified a particular sort of . . . seizure." *E.W. by and through T.W. v. Dolgos*, 884 F.3d 172, 179 (4th Cir. 2018). The Supreme Court has held that, under some circumstances, "excessive or unnecessary destruction of property" by police may give rise to an excessive force claim.[1] *United States v. Ramirez*, 523

---

[1] Several district courts have held that property damage cannot form the basis for a Fourth Amendment "excessive force" claim, but these cases seem to be in tension with opinions of the Supreme Court and the United States Court of Appeals for the Fourth Circuit. See, *e.g.*, *Strong v. Perrone*, 17-CV-6183-FPG, 2018 WL 324421, at *5 (W.D.N.Y. Jan. 8, 2018) (concluding that dogs are property for Fourth Amendment purposes, and therefore plaintiff could not bring an excessive force claim after a police officer shot his dog); *Powell v. Johnson*, 855 F. Supp. 2d 871, 874 (D. Minn. 2012) (concluding that, because the Fourth Amendment protects persons rather than property, plaintiff could not assert an excessive force claim arising from police shooting of dog; *Tounget v. City of Hemet*, EDCV 08–464–SGL (AGR), 2009 WL 536835, at *1 n.1 (Feb. 24, 2009) ("To the extent Plaintiff is attempting state a claim for excessive force against his property based on damage from towing in February or March 2007, such a claim is not cognizable under the Fourth Amendment"); *Burgess v.*

U.S. 65, 71 (1998); *see also Jackson v. Pantazes*, 810 F.2d 426, 430 (4th Cir. 1987) ("While Pantazes undoubtedly had the right to enter the Jackson home, including the right to break in to effect entry, plaintiff has offered evidence from which a fact finder could conclude that Pantazes used excessive force and unnecessarily destroyed property, in violation of plaintiff's constitutional rights.").

Plaintiffs have not adequately pled an excessive force claim under the federal or Maryland state constitutions. Aside from asserting that the warrant "was not a 'no knock' warrant," and mentioning that "each unit has an electronic doorbell" the complaint does not describe the facts and circumstances surrounding Jones' forcible entry. (Compl. ¶¶ 4, 5.) Based on these few facts, this Court cannot conclude that it is plausible that Jones engaged in "excessive or unnecessary" property destruction. Accordingly, Plaintiffs' state and federal constitutional claims (Count I) must be dismissed.[2]

---

*West*, 817 F. Supp. 1520, 1529 (D. Kans. 1993) ("We know of no cases holding that excessive force against property rises to the level of a constitutional violation.").

[2] Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs were entitled to amend their Complaint once as a matter of course within 21 days of Defendant's May 1, 2018 Motion to Dismiss. Rather than make this amendment, the final line of Plaintiffs' May 21, 2018 Response requests leave to amend the Complaint to provide additional facts without attaching a proposed amended complaint. (Pl.'s Resp. 3, ECF No. 16.) Under these circumstances, it is appropriate to treat this as a case in which leave of court is required to amend. *See Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) (determining that the court must grant leave to amend when Plaintiff, instead of amending as a matter of course, erroneously filed a motion for leave to amend within the 21-day deadline); *Alexander v. District Court of Maryland for Charles County*, DKC 2007-1647, 2008 WL 6124449, at *7 (D. Md. March 20, 2008) (denying motion for leave to amend complaint, filed during the time period in which Plaintiff could have amended as a matter of course, because amendment would have been futile). Because Plaintiffs did not seek leave to amend in a separate motion and did not provide a proposed amended complaint, this Court will not grant Plaintiff's request for leave to amend. *See United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) (affirming district court's denial of Plaintiff's request to amend Complaint because this request was only made in Plaintiff's Response to Defendant's Motion to Dismiss); *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming district court's denial of Plaintiff's leave to amend because Plaintiffs only sought leave to amend in their response to Defendant's Motion to Dismiss and in objection to the magistrate judge's recommendation). Should Plaintiffs reassert federal and state law claims in a subsequent pleading, this Court may decline to exercise supplemental jurisdiction over state law claims if it determines that the federal claims are lacking.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 12) is GRANTED. Specifically, Plaintiff's state and federal constitutional claims (Count I), negligence claim (Count II), and trespass claim (Count III) are DISMISSED WITHOUT PREJUDICE.

A separate order follows.

Dated: September 27, 2018

/s/
Richard D. Bennett
United States District Judge